# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
STEPHEN STOLEC,                        *
                                       *    No. 19-195V
              Petitioner,              *
                                       *    Special Master Christian J. Moran
                                       *
v.                                     *    Filed: September 13, 2023
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
* * * * * * * * * * * * * * * * * * * * *
```

Anne C .Toale, Maglio Christopher and Toale, Sarasota, FL, for Petitioner;
Mitchell Jones, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Stephen Stolec's motion for final attorneys' fees and costs. He is awarded $126,983.79.

\*     \*     \*

On February 1, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. An amended petition was filed on January 20, 2020, alleging that the pneumococcal

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

conjugate and influenza vaccinations petitioner received on October 20, 2017, caused him to suffer a right should injury related to vaccine administration and polymyalgia rheumatica. Following respondent contesting entitlement in his report, the parties retained medical experts, with petitioner retaining Dr. Marko Bodor and Dr. S. Sohail Ahmed and respondent retaining Dr. Paul Cagle and Dr. Mehrdad Matloubian. Thereafter, it appeared that the parties were able to reach a settlement with respondent filing a 15-week stipulation status report on February 18, 2022. However, on March 21, 2022, petitioner filed a motion to dismiss his petition, indicating that he would not agree to the terms of the settlement. Following further discussions, the parties filed a stipulation of dismissal on June 28, 2022. On the same day, the undersigned filed his order concluding proceedings pursuant to Vaccine Rule 21(a). 2022 WL 2824267.

On July 26, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $67,854.80 and attorneys' costs of $59,128.99 for a total request of $126,983.79. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On July 27, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on July 27, 2022, reiterating his belief that the requested fees and costs are reasonable.

\*     \*     \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel, Ms. Anne Toale: $402.00 per hour for work performed in 2018, $420.00 per hour for work performed in 2019, $445.00 per hour for work performed in 2020, $475.00 per hour for work performed in 2021, and $500.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel for her Vaccine Program work. See, e.g. Plotkin v. Sec'y of Health & Human Servs., No. 16-1249V, 2023 WL 1439400 (Fed. Cl. Spec. Mstr. Feb. 1, 2022). Accordingly, the requested hourly rates are reasonable.

3

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $67,854.80.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $59,128.99 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's medical experts, Drs. Bodor and Ahmed. The undersigned shall discuss these expert costs in turn.

Petitioner requests a total of $8,850.00 for the work of Dr. Bodor, representing 15.2 hours billed at $500.00 per hour plus 5.0 hours billed at $250.00 per hour by Dr. Bodor's associate, Dr. Kevin Pelletier. Fees App. Ex. 2 at 24-27. Dr. Bodor's hours billed are reasonable and his rate is consistent with what he has previously been awarded by the undersigned and other special masters. Perry v. Sec'y of Health & Human Servs., No. 17-1207V, 2022 WL 2800863, at *5 (Fed. Cl. Spec. Mstr. Jun. 24, 2022). Dr. Pelletier's billing entries are more problematic, with no indication of what work he was performing, although the undersigned was able to ascertain from Dr. Bodor's first expert report that Dr. Pelletier assisted him in reviewing petitioner's medical records and researching medical literature. The undersigned cautions Dr. Pelletier to compose better billing entries in the future if he assists Dr. Bodor, but in this case the hours billed and his hourly rate are reasonable.

Petitioner also requests a total of $48,675.00 for the work of Dr. Ahmed, representing 97.51 hours billed at $500.00 per hour. Fees App. Ex. 2 at 8-23. The

hourly rate sought by Dr. Ahmed has previously been awarded by this Court and Dr. Ahmed has provided extremely detailed descriptions of the work he performed on this case. Based on that, the undersigned sees no reason to reduce the billed hours. The full amount for Dr. Ahmed's work shall therefore be awarded.

For the remaining costs, petitioner has provided adequate documentation supporting them and all are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $59,128.99.

D.   <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$126,983.79** (representing $67,854.80 in attorneys' fees and $59,128.99 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Anne Toale.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.